```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| JOSHUA KELLIER,<br><br>      Plaintiff,<br><br>    -against-<br><br>MMS, et al.,<br><br>      Defendants. | 20-CV-10939 (LLS)<br><br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

  Plaintiff, who is proceeding *pro se* and *in forma pauperis* (IFP), filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated February 10, 2021, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on April 22, 2021, and the Court has reviewed it. For the reasons set forth below, the Court dismisses the action, with 30 days' leave to replead Plaintiff's claim against a John Doe Defendant.

## STANDARD OF REVIEW

  The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

# BACKGROUND

**A.      Procedural Background**

In its February 10, 2021 order, the Court provided Plaintiff an opportunity to amend his complaint to state facts in support of his claims brought against Defendants: (1) Manhattan Mini Storage (MMS) and MMS employees Assistant Manager Jamelia; Manager Taylor; General Manager Delroy; Manager Kurwin Kurtwood; Assistant Manager Kevin CC; and Assistant to the General Manager, Kenny (collectively, the "MMS Defendants); (2) Human Resource Administration (HRA) representative, Gabriel; (3) HRA Bronx Job Center employees Marky, Garcia, Salocumb, and Smalls (collectively, the "HRA Bronx Job Center Defendants"); and (4) a John Doe police officer. The Court dismissed all claims brought against Defendant Administrative Law Judge Marshall under the doctrine of judicial immunity, and as frivolous.

In the amended complaint, Plaintiff renames the MMS Defendants, Judge Marshall, HRA representation Gabriel, and the HRA Bronx Job Center Defendants; and he reasserts the claims brought against these defendants. In addition, he names the following defendants: Office of Temporary Disability Assistance (OTDA); Craig Mitchell Friedman, an OTDA attorney; several new HRA Defendants employed at offices located in Brooklyn and Manhattan (Mrs. Goodwin, Mrs. Box, Eric Jackson, Hernandez, Mr. Fuami, and John Does); Steven Banks, the Commissioner of the New York City Department of Social Services; Mr. Thomas, a supervisor at Pathway Careers; a John Doe Defendant employed with Avant Business Services; Pathway Career Maximums; another John Doe Defendant employed with Blink Fitness, a John and Jane Doe Defendant employed with the New York City Parks Department; a John Doe employed with Fedcap; and two John Doe Defendants employed with "311."

B.  **Factual Background**

The facts alleged in the amended complaint are substantially similar to the facts alleged in the original complaint. The Court assumes familiarity with the allegations set forth in the original complaint.

The following allegations are taken from the amended complaint:[1]

1) MMS breached its contract with Plaintiff when it evicted him from his storage unit tenancy;

2) HRA discriminated against Plaintiff when it "deprived him of his right to contract and his right to storage invoice payments" (ECF 16, at 8);

3) HRA "changed the manner and method and form of storage payment of [his] public assistance grant without prior notice," in violation of New York City Rules & Regulations (*id.* at 24);

4) In 2019, at an HRA location in the Bronx, a John Doe employee "assault[ed]" Plaintiff and "put his hand on plaintiff, followed by grabbing his arm to force plaintiff out of the facility" (*id.* at 17);

5) "[MMS] and [OTDA] conspire[ed] to deny plaintiff of his due process and . . . denied [him] the public benefit of access, payment and a fair hearing decision without due process" (*id.* at 2.);

6) OTDA denied Plaintiff due process by "not reaching a decision in 45 days" (*id.* at 23);

---

[1] The Court refers to and quotes from Plaintiff's "injuries" section of the complaint, in addition to his "statement of facts" section.

7) OTDA participated in a "scheme to defraud the plaintiff of his ownership of his proceeds and public benefits" (*id.* at 24); and

8) Employees from Fedcap and the Parks Department discriminated against Plaintiff.

Plaintiff also alleges that he "was subjected to repeated deprivations and coercions and breaches and violations of his civil rights and civil liberties . . . motivated from alleged charges in his criminal case and the governments own incentive to target plaintiff because he [is] black and freely enjoying his life," in violation of his state and federal constitutional rights, as well as the Convention Against Torture. (*Id.* at 10.)

Plaintiff states that he has an "open case" in the New York County Criminal Court and that he is "in custody" for the purposes of *habeas corpus* relief. (*Id.* at 9.) He alleges that "he is under the physical control of the United States government a[nd] is subjected to cruel and unusual punishment and degrading treatment by defendants [MMS] and [OTDA] and [HRA]." (*Id.*)

## DISCUSSION

**A.  Claims Against MMS Defendants**

Plaintiff's claims against the MMS Defendants concern his storage unit tenancy. He alleges that MMS breached its contract with him. In the order granting Plaintiff leave to amend, the Court noted that these defendants are not state actors within the meaning of 42 U.S.C. § 1983, and therefore Plaintiff cannot bring constitutional claims against these defendants unless his allegations suggest that they acted in concert with state actors. The Court granted Plaintiff leave to state facts suggesting that MMS and HRA acted together to deny Plaintiff of his constitutional rights. In the amended complaint, Plaintiff fails to state any facts suggesting that MMS and HRA conspired against Plaintiff. The Court therefore dismisses Plaintiff's federal claims against the MMS Defendants.

**B.     Due Process Claim**

In the order to amend, the Court construed Plaintiff's claims regarding the denial of his benefits as asserting a procedural due process claim under the Fourteenth Amendment. The Court noted that to state such a claim, Plaintiff must allege facts suggesting that the state courts were unavailable to challenge any adverse decisions regarding his benefits.

In the amended complaint Plaintiff does not allege that the state courts were unavailable. Rather, he alleges that OTDA did not issue a decision within 45 days, and that Defendants failed to comply with New York City regulations. But "[r]ecovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right." *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) (emphasis added); *see also Rivera v. Wohlrab*, 232 F. Supp. 2d 117, 123 (S.D.N.Y. 2002) (noting that "violations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define the requirements of procedural due process'") (quoting *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 (2d Cir.1990))). Thus, Defendants' alleged failure to comply with state or city regulations does not support a finding that Plaintiff's federal due process rights were violated. Because Plaintiff does not allege that the state courts were unavailable, he fails to state a federal due process claim. The Court therefore dismisses this claim on this basis.

**C.     Discrimination**

Plaintiff alleges that Defendants have treated him differently because he is Black. The Court construes this allegation as asserting a claim under 42 U.S.C. § 1981, which provides that [a]ll persons . . . shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." *Id.*

5

To state a claim under § 1981, a plaintiff must allege that (1) he is a member of a racial minority; (2) defendants discriminated against him on the basis of his race; and (3) and the discrimination concerned one of the statute's enumerated activities, including the right to make and enforce contracts. *Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993). Moreover, "a plaintiff must demonstrate some affirmative link to causally connect the actor with the discriminatory action." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 229 (2d Cir. 2004). Thus, a plaintiff may not rely on conclusory allegations to support a § 1981 claim. *See Yusuf v. Vassar College*, 35 F.3d 709, 713-14 (2d Cir. 1994).

Plaintiff states only that Defendants discriminated against him because he is Black; he does not allege any facts suggesting that any defendant took any action against him on this basis. Rather, he concludes that Defendants' conduct was motivated by his race. Because this conclusory allegation is insufficient to support a claim that any defendant discriminated against him based on his race, he fails to state a claim under § 1981 on which relief can be granted.

**D.** ***Habeas Corpus*, Convention Against Torture (CAT), and the Eighth Amendment**

Plaintiff refers to the *habeas corpus* statute and the CAT, as well as the language of the Eighth Amendment to the United States Constitution, asserting that his claims arise under these federal provisions. Plaintiff's attempt to rely on these provisions is misplaced.

The *habeas corpus* statute is the vehicle by which individuals who are in custody may challenge their custody. *See* 28 U.S.C. § 2241(c)(3) (The United States district courts have jurisdiction to entertain petitions for habeas corpus relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States."). But Plaintiff is not in custody.

The CAT bars governments from expelling or returning an individual to another country, "in which there are substantial grounds for believing the person would be in danger of being

6

subjected to torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 184 (2d Cir. 2004). This action does not concern Plaintiff's removal from the United States.

The Eighth Amendment applies in cases where an individual is both convicted and incarcerated. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017) (discussing application of Eighth Amendment in cases where a plaintiff is a convicted prisoner); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir.1996) (noting that the Eighth Amendment governs claims of convicted persons because of its prohibition of "cruel and unusual punishment"). As Plaintiff is neither convicted nor incarcerated, the Eighth Amendment does not apply to this case.

For these reasons, Plaintiff cannot state a claim under any of these federal provisions.

### E.     New Defendants

Plaintiff names several new defendants, including employees of Pathway Careers, Avant Business Services, Blink Fitness, the New York City Parks Department, Fedcap, and New York City's 311 system. Although Plaintiff does not state claims against these defendants, the Court declines to grant him leave to do so because any such claims would be beyond the scope of the original lawsuit and the permitted amendment. *See, e.g.*, *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (collecting cases).

### F.     Leave to amend assault claim

Plaintiff alleges that in 2019, at an HRA location in the Bronx, a John Doe employee forced him out of the building, which he refers to as an "assault." (ECF 16, at 17.) Plaintiff does not allege any additional facts. The Court therefore grants Plaintiff 30 days' leave to assert facts

in support of this single claim. This leave to amend is granted only for the purpose of detailing Plaintiff's assault claim. If Plaintiff reasserts the claims dismissed here, the Court will summarily dismiss those claims.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to replead as to Plaintiff's assault claim.

The Court denies as moot Plaintiff's motions at docket number 13 and 17. The Clerk of Court is directed to terminate any other motions in this case.

SO ORDERED.

Dated:   May 13, 2021
           New York, New York

                                                      Louis L. Stanton
                                                      U.S.D.J.